# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **BRANITRA PEARSON,** § <br> **ON BEHALF OF THEMSELVES AND ON** § <br> **BEHALF OF ALL OTHERS SIMILARLY** § <br> **SITUATED** § <br> **Plaintiff,** § <br> § <br> **V.** § <br> § <br> **VICHINO III LLC D/B/A AMAZING** § <br> **LASH STUDIO AND AMAZING LASH** § <br> **HOLDING COMPANY, LLC,** § <br> **Defendants.** § <br> § | **CIVIL ACTION NO. 18-1819** <br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

## SUMMARY

1. Plaintiff BRANITRA PEARSON worked more than forty (40) hours a week as cable installation person and was paid on an hourly rate, for **VICHINO III LLC D/B/A AMAZING LASH STUDIO AND AMAZING LASH HOLDING COMPANY, LLC**, in Harris County, Houston, Texas. As such, Plaintiff's job duties primarily consisted of installing cable television for Defendant. Plaintiff was an hourly paid employee. However, Defendant did not pay Plaintiff overtime pay at the overtime rate required under the Fair Labor Standards Act (FLSA).

2. Defendant' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff **BRANITRA PEARSON** is an individual residing in Clark County, Nevada, but was a resident of Harris County, Texas when the incident made the basis of this litigation arose.

6. Defendant **VICHINO III LLC D/B/A AMAZING LASH STUDIO** is a Texas Limited Liability. This defendant may be served with process by serving its registered agent as follows Ann T. Le, 2529 Robinhood, HOUSTON, TX 77005.

7. Defendant **AMAZING LASH HOLDING COMPANY, LLC** is a Texas Limited Partnership. This defendant may be served with process by serving its registered agent as follows JULIANO LE, 2470 GRAY FALLS DR., SUITE 285, Houston, TX 77077.

## FLSA COVERAGE

8. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendants has an annual gross business volume of not less than $500,000.00.

12. At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTS

13. Defendant is provides services to its customers and/or clients in the beauty and cosmetic industries by employing lash specialists and/or lash technicians to improve and/or work on the eye lashes of said customers and/or clients. Either by providing and/or installing lash extension or other cosmetic work, including, but not limited to care for eye lashes and/or eye brows.

14. Plaintiff worked for Defendants location in Meyerland Plaza, of which the address at the time was at 564 Meyerland Plaza Mall, Houston, TX 77096, (832) 598-8520. Defendants employs various workers such as the Plaintiff such labor intensive occupations, with responsibility for providing beautification and cosmetology services, including, but not limited to eye lash extensions, eye lash maintenance, and/or eye brow maintenance; there is cleaning and preparing the store locations.

15. Plaintiff began her employment with Defendants as an Eye Lash Technician, on or about May 31, 2018 and worked there until October 16, 2018. Plaintiff was paid hourly.

16. Plaintiff was also paid on what Defendants would say was commissions. Plaintiff asserts that these payments were not commissions or were not all commissions. These payments were not utilized to calculate the correct overtime wages. In the alternative, even if all said payments were commissions, these payments were not included in the calculation of the overtime wages for the Plaintiff, as required under the FLSA. Further, Defendants would improperly adjust Plaintiff's time records to make it seem like she was working less hours. There were times when Defendant's actions would lead to Plaintiff making less than minimum wage.

17. Plaintiff worked more than forty hours per work-week, and did so frequently, but was not compensated at the FLSA mandated time-and-a-half rate for all of her hours in excess of forty per work-week. Defendants failed to properly calculate Plaintiff's overtime rate of pay by not including all applicable compensation in said calculation. Defendant adjusted Plaintiff's time records and failed to maintain proper time records.

18. Plaintiff was a non-exempt employee.

19. Defendants method of paying Plaintiff in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## **PLAINTIFF'S OVERTIME CLAIM: VIOLATION OF 29 U.S.C. § 207**

20. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

21. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for all hours in excess of forty (40) per workweek, failing to properly calculate the overtime compensation rate, changing the Plaintiff's time records, failing to pay minimum wages, and/or failing to properly record Plaintiff's time violates the FLSA. 29 U.S.C. § 207.

22. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

## **VIII. COLLECTIVE ACTION ALLEGATIONS**

23. While working for Defendants, Plaintiff interacted with and became familiar with the way Defendants treat its other employees with respect to overtime and minimum wage pay. Plaintiff has actual knowledge that Class Members have also been denied overtime and minimum wage pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other eye lash

technicians and cosmetic industry workers who worked under Defendant, VICHINO III LLC D/B/A AMAZING LASH STUDIO AND AMAZING LASH HOLDING COMPANY, LLC, at their Defendant's hospitals and medical facilities.

24. Other employees similarly situated to Plaintiff work or have worked for Defendants' hospitals and medical facilities but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

25. Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Further, Defendants did not properly calculate the overtime compensation rate by failing to include the all applicable compensation, Defendants manipulated the time records to remove compensable time and compensable overtime that Plaintiffs were to be paid, Defendant's did not maintain proper time records for Plaintiffs, and did not pay minimum wage in certain instances due to the actions set forth above.

26. The Class Members perform or have performed the same or similar work as the Plaintiff.

27. Class Members regularly work or have worked in excess of forty hours during a workweek.

28. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

29. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

30. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

31. The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the Class Members.

32. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

33. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

34. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

35. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**The Class Members are all of Defendants' current and former cosmetology employees who were not paid at the federally mandated minimum wage rate and/or worked more than forty (40) hours in a workweek but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present.**

## IX. DAMAGES SOUGHT

36. Plaintiff and Class Members are entitled to recover compensation are entitled to recover their unpaid overtime compensation and compensation for hours they were not paid for.

37. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

38. Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## XI. PRAYER

39. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. All unpaid wages at the FLSA mandated minimum wage rate;

c. An equal amount as liquidated damages as allowed under the FLSA;

d. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

e. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

40. Plaintiff further prays that the Court certify Count I of this action as a collective action under the FLSA.

Respectfully Submitted,

*Isl* Alexander M. Defreitas
Alexander Defreitas
SBN:24042550
FIN: 1636135
Attorney-In-Charge
Williams Tower
2800 Post Oak Blvd.
Suite 4100
Houston, TX 77056
Tel:  (832) 794-6792
Fax:   (281) 784-3777
a.defreitas@lawyer.com

ATTORNEY IN CHARGE FOR PLAINTIFF